

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E. A. Watson
County Attorney
Crosby County
Crosbyton, Texas

Dear Sir:

Opinion No. O-870
Re: Status of Crosby County, with refer-
ence to whether it is wet or dry.

Your request for an opinion on the following
question:

"Whether or not Crosby County is a dry
area, and, if not, whether the law applicable
to wet area is enforceable."

has been submitted to this office.

We quote the facts with reference to local
option election held in Crosby County, as submitted to
us by you as follows:

"At a called meeting of the Commissioners'
Court held December 13 and 14, 1886 on page 7
Volume I, Court Minutes appears the following:

"'And then came on and was read
a petition properly signed by the re-
quired number of legal voters of Cros-
by County, Texas, praying that an elec-
tion be held in said county of Crosby
for the purpose of determining whether
or not intoxicating liquors and medicat-
ed bitters producing intoxication shall
be sold in said county: Therefore it
is ordered that an election be held in
the several precincts in said county in
compliance with the said petition on

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Saturday the 15 day of January A. D.
1886.'

"At a called meeting of the Commissioners'
Court held on Tuesday June 14, 1887, Volume I,
page 13 the following order was passed:

"'Now came on the opening and
estimating the results of the special
election on local option for the pur-
pose of determining whether or not
intoxicating liquors or medicated
bitters producing intoxication, shall
be sold in Crosby County or not, said
estimate having been made the result
is hereby declared to be in favor of
local option by a vote of 21 for to
three against local option. Wherefore
it is ordered the sale of intoxicating
liquors and medicated bitters producing
intoxication shall be absolutely pro-
hibited in the County of Crosby, State
of Texas, except as provided by law.
There being no newspaper published in
the county, the clerk is directed to
post notices of the above order as
directed by law.'"

Assuming the above to be a correct statement of
the facts pertaining to the attempt to hold a local option
election in Crosby County on the 15th day of January, 1886,
it is our opinion that the local option law cannot be put
into operation unless and until the result of the election
adopting it be published either in a newspaper or by post-
ing notices thereof. This position is upheld by the Court
of Criminal Appeals in this State in Strickland vs. State,
47 SW 470. Likewise, in Chenowich vs. State, 96 SW 19,
the court holds that before a local option law can go into
operation, the order shall be published for four consecutive
weeks in a newspaper to be designated by the county judge,
and that such publication is a condition precedent to the
operation of the law.

In further support of our position, we refer you
to the recent case of Cook vs. State, 132 SW 2nd 404, in

which the court says:

"Under statute, the entry, or a copy thereof, on minutes of commissioners' court showing that result of election relative to prohibition of sale of liquor in a particular county, was posted, is prima ficie evidence that posting was done, but an order of the commissioners' court directing publication of result of election is not proof of proper publication of posting."

With reference to the second election, or attempted election, held in Crosby County, the facts as submitted to us by you are as follows, with reference to what the records of the commissioners' court disclose:

"It being considered by the court expedient it is ordered and decreed by the court of its own motion that an election be held by the qualified voters of Justice Precinct No. I, Crosby County, Texas, on Saturday, the 6 day of September 1890 at the regular voting places in said Justice Precinct to determine whether or not the sale of intoxicating liquors shall be prohibited in the aforesaid Justice Precinct No. 1, Crosby County, Texas."

Then you state further that at a called meeting of the commissioners' court held on September 20, 1890, the following order appears in Volume 1, page 232:

"Whereupon the matter of canvassing the votes cast at the local option election held in Justice Precinct No. 1, Crosby County, Texas, on the 6 day of September, 1890, came up for consideration and the court after counting the votes find that a majority of the votes cast at said election were cast and voted 'For Prohibition' and it is so declared as a result of said election; therefore it is ordered and decreed by the court that the sale of intoxicating liquors within the prescribed limits of the said Justice Precinct No. 1, Crosby County, Texas, is absolutely prohibited except the sale of wines for sacremental purposes and sale of alcoholic stimulants

as medicines in cases of actual sickness in
manner as prescribed in Article 3228 of the
Revised Civil Statutes of the State of Texas,
until such time as the qualified voters in
said Justices precinct No. 1, may at a legal
election held for that purpose by a majority
vote decide otherwise."

In so far as the facts submitted to us by you
disclose, there was never an order published or posted
declaring the result of the purported election. In view
of the authorities above cited, it is our opinion that
the local option law cannot be put into operation in this
case, by reason of this election, as there is no showing
that the result of said election has either been posted
or published as required by law.

With reference to the third attempt to hold an
election in Crosby County, you state that at a special
session of the Commissioners' Court, held on the 9th day
of January, A. D. 1892, Volume 1, page 319 of the minutes
of said court is found the following order:

"It being considered by the court expedi-
ent it is ordered and decreed by the court of
its own motion that an election be held by the
qualified voters of Crosby County, Texas, on
Friday, the 29th day of January, A. D. 1892,
at the regular voting places in said county to
determine whether or not the sale of intoxicat-
ing liquors shall be prohibited in the aforesaid
County of Crosby."

You state further that at a special term of the
Commissioners' Court held on the 9th day of February, A. D.
1892, in Vol. 1, page 321, Court Minutes, is found the
following order:

"It appearing for the face of the returns
that the votes cast at said election were not
such as are required by law, it is therefore
ordered by the court that said election be and
the same is hereby declared void and of no force
or effect."

Certainly this third attempt to hold an election
could be of no force and effect as the commissioners' court

ordering the election by its own order declared that election to be void and of no force or effect.

In regard to the last attempted election held in Crosby County in so far as your submission of the facts and records pertaining thereto disclose, you state that at a regular meeting of the commissioners' court held on Monday, the 8th day of May, 1893 at page 436, Volume I, Court Minutes, is found the following order:

"It be considered by the court expedient it is ordered and decreed by the court of its own motion that an election be held by the qualified voters of Crosby County, Texas, Saturday, June 10, 1893 at the regular voting places in said county to determine whether or not the sale of intoxicating liquors shall be prohibited in the aforesaid county of Crosby."

You state further that at a special session of the commissioners' court held on Tuesday, the 27th day of June, 1893, as shown in Volume I, page 447 of the Court Minutes, the following order:

"This day the court proceeded to canvass the returns of the local option election held in Crosby County, Texas, on the 10th day of June, A. D. 1893 and after carefully counting the votes cast at said election, found that 78 votes were case and voted for prohibition and eleven against prohibition and it appearing to the court that the majority of the votes cast for prohibition, the result of said is declared accordingly. Therefore it is ordered and decreed by the court that the sale of intoxicating liquors within the prescribed limits of the said Crosby County, Texas, is absolutely prohibited except the sale of wines for sacramental purposes and sale of alcoholic stimulants as medicines in cases of actual sickness in the manner provided in Article 3228 of the Revised Statutes of the State of Texas, until such time as the qualified voters in said county may at a legal election held for that purpose by a majority of votes decide otherwise."

On your submission of the facts relative to the holding of said last election in Crosby County, together with your submission of what the records disclose pertaining to same, it is an evident fact that no order declaring the result of said election was ever published or posted as required by law. The courts of this State have consistently held, for a period of more than fifty years, that the local option law cannot be put into operation unless and until the result of the election adopting it be published, either in a newspaper or by posting notices thereof.

The courts have followed the holding in the Chenowich case, supra, which is in substance, that before a local option law can go into operation, the order shall be published for four consecutive weeks in a newspaper to be designated by the county judge, and that said publication is a condition precedent to the operation of the law.

Under the facts, as we have them before us, there is not even a showing that an order of the commissioners' court directing publication of the result of the election was made, except in the first election, and there is no showing made which even indicates that the result of the elections were ever published or posted.

Under the decisions in these cases, it is our opinion that the statute requiring the result of local option election be published, and stating how same may be published, is mandatory, and that this not having been done, Crosby County is a wet county, and the law applicable to wet areas is enforceable.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Fred C. Chandler
Assistant

APPROVED DEC 19, 1939

ATTORNEY GENERAL OF TEXAS

FCC:AW

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN